IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 03-40039-03-GPM |
| JOHN PAUL GOLLA, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On February 5, 2005, John Paul Golla was sentenced by District Judge James L. Foreman to a 168 month term of imprisonment (Doc. 148). On June 27, 2008, he filed a *pro se* motion to reduce his sentence (Doc. 177).

Golla's motion was likely filed in response to recent amendments to the United States Sentencing Guidelines for offenses involving crack cocaine. Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Golla is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. But Golla was sentenced for a crime involving methamphetamine; the superseding indictment (Doc. 55) has no mention of crack cocaine. The Sentencing Commission did not lower the offense level for methamphetamine, only crack cocaine. Thus, Golla's guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Golla urges the Court to reconsider a two-point enhancement he received for having a firearm, but the Court is simply not authorized to revisit his sentence. The Court therefore **DISMISSES** the motion for a sentence reduction (Doc. 177) for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED: 6/18/2009

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge